ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

**ZUFFA, LLC d/b/a ULTIMATE**
**FIGHTING CHAMPIONSHIP,**

                 Plaintiff,          **COMPLAINT**

-against-                      Civil Action No.

**JOSEPH TINGER,**                **JUDGE BRICCETTI**

                 Defendant.     **13 CV 6316**

---

Plaintiff, **ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP** (hereinafter "Plaintiff"), by their attorneys LONSTEIN LAW OFFICE, P.C., complaining of the Defendant herein, respectfully sets forth and alleges, as follows:

### NATURE OF THE CLAIM, JURISDICTION AND VENUE

1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, <u>inter alia,</u> the Defendant resides within the Southern District of the State of New York and a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New

York (28 U.S.C. § 1391(b)(1) and (2) and 28 U.S.C. § 112 (b)).

4. This Court has personal jurisdiction over the parties in this action. The activities of Defendant giving rise to this action took place in the State of New York; more particularly, Defendant's acts of violating federal laws and the proprietary rights of Plaintiff, as owner of the Copyright to the UFC 162 broadcast, held on July 6, 2013 (hereinafter referred to as the "Copyrighted Broadcast"), took place within the State of New York. Moreover, upon information and belief, Defendant has his principal place of residence within the State of New York; thus, this Court has personal jurisdiction over Defendant.

## THE PARTIES

5. Plaintiff, ZUFFA, LLC, is a limited liability company organized and existing under the laws of the State of Nevada. Plaintiff is the exclusive owner of the Copyrighted Broadcast at issue in this Complaint.

6. Plaintiff is engaged in the business of distributing its copyrighted materials, as defined in 17 U.S.C. § 101, for, among other things, offering the Copyrighted Broadcast for purchase over the internet on a pay-per-view basis for its paying customers to access, view and/or download the content. Plaintiff invests substantial money, time and effort in advertising, promoting, selling, and licensing its broadcasts, including the Copyrighted Broadcast.

7. Plaintiff owns the rights to the Copyrighted Broadcast at issue herein and holds the certificates of registration for same. As the owner of copyrights in its broadcast, including, but not limited to, the Copyrighted Broadcast, Plaintiff possesses the exclusive right to, inter alia, exhibit and/or distribute and/or disseminate and/or perform the Copyrighted Broadcast publicly.

8. The Copyrighted Broadcast includes all undercard matches and the entire UFC 162 broadcast, which is subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

9. Plaintiff offered the Copyrighted Broadcast on a pay-per-view basis through a number of authorized online platforms for private viewing. As part of its proactive efforts to prevent Internet piracy, Plaintiff identified websites which were offering for download and/or a live stream of Plaintiff's copyrighted content at no cost to the user. One such website offering a live stream and/or download of Plaintiff's Copyrighted Broadcast was Bestfreeufc.info, whose content was subsequently removed from the Internet and registration information, including IP addresses, of those who accessed the website was turned over to Plaintiff.

10. Upon information and belief, the Bestfreeufc.info website contained warnings before entry into the site that the content on the website may be copyrighted. To gain entry into the website, an individual user would have to read and knowingly enter the site, ignoring the warnings that the information on the website may contain copyrighted content.

11. Upon information and belief, websites such as Bestfreeufc.info and others who offered a stream and/or download of Plaintiff's Copyrighted Broadcast could not be located by individual users without a manual search for "free UFC 162" and the like in search engines used for browsing websites available on the internet.

12. Upon information and belief, the Defendant, JOSEPH TINGER (hereinafter referred to as "the Defendant"), resides at 35 Snoop Street A, Monroe, New York 10950.

13. Upon information and belief, the Defendant was the individual associated with the IP address of 69.123.124.143, having an Internet Service Provider (ISP) of Optimum Online

(Cablevision Systems) on July 6, 2013.

14. Upon information and belief, the Defendant was the individual with supervisory capacity and control over the computer or mobile device used to access and download the Copyrighted Broadcast and activities including, but not limited to, willfully, knowingly and unlawfully viewing, streaming, reception and download of the Copyrighted Broadcast for his own benefit or for the benefit of another on July 6, 2013.

15. Upon information and belief, the Defendant knowingly, willfully and unlawfully received, viewed and illegally downloaded the Copyrighted Broadcast on July 6, 2013 without paying Plaintiff the appropriate pay-per-view fee.

## COUNT I

16. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "15," inclusive, as though set forth herein at length.

17. Plaintiff is the owner of the Copyrighted Broadcast, including all preliminary bouts and the entire broadcast, scheduled for July 6, 2013, broadcasted via closed circuit television, encrypted satellite signal and via purchase on a pay-per-view basis on Plaintiff's secure internet websites.

18. Plaintiff, or their agents, for a licensing fee, entered into subsequent agreements with various individuals and entities in the State of New York, allowing them access to the Copyrighted Broadcast via an internet connection to Plaintiff's secure websites for pay-per-view events.

19. Upon payment of the appropriate fees, Plaintiff authorizes and enables subscribers to access the pay-per-view Copyrighted Broadcast via a Promotion Code supplied by Plaintiff after the individual pays the appropriate fee.

20. Upon information and belief, with full knowledge that the Copyrighted Broadcast was not to be received and used for personal benefit or for the benefit of others by individuals unauthorized to do so, the Defendant and/or his agents knowingly, willfully and unlawfully accessed, received, and downloaded Plaintiff's Copyrighted Broadcast without the permission of Plaintiff and did unlawfully view the Copyrighted Broadcast for Defendant's own benefit or for the benefit of another not entitled thereto, without paying the appropriate pay-per-view fee at the time of its transmission.

21. Upon information and belief, the Defendant was aware that his acts constituted a violation of 47 U.S.C. §605 (a) and had reason to believe that his acts constituted a violation of this section as the Defendant knowingly, willfully and unlawfully entered the site after ignoring warnings that the site may contain copyrighted content.

22. 47 U.S.C. §605 (a) prohibits the unauthorized reception or use of communications for one's own benefit or for the benefit of another not entitled thereto, such as the transmission for which Plaintiff holds the Copyright ownership thereto.

23. By reason of the aforementioned conduct, the Defendant violated 47 U.S.C. §605 (a).

24. By reason of the Defendant's violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

25. As a result of the Defendant's violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $10,000.00.

26. Pursuant to 47 U.S.C. §605(e)(3)(B)(iii), Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

27. Plaintiff hereby incorporates paragraphs "1" through "15" and "17" through "26" inclusive, as though fully set forth herein.

28. Upon information and belief, with full knowledge that the Copyrighted Broadcast was not to be unlawfully accessed, received and downloaded by individuals unauthorized to do so, the Defendant and/or his agents knowingly, willfully and unlawfully accessed, received and downloaded the Copyrighted Broadcast over a cable system via the internet at the time of its transmission.

29. 47 U.S.C. §553 prohibits the unauthorized reception of any communications service offered over a cable system such as the transmission of the Copyrighted Broadcast for which Plaintiff holds the Copyright ownership thereto.

30. Upon information and belief, the Defendant knowingly, willfully and unlawfully accessed, received and downloaded the Copyrighted Broadcast when it was offered over the internet via a cable internet connection through Optimum Online (Cablevision Systems) without the authorization from Plaintiff and without paying Plaintiff the appropriate pay-per-view fee.

31. Upon information and belief, the Defendant was aware that his acts constituted a violation of 47 U.S.C. §553 and had reason to believe that his acts constituted a violation of this section as the Defendant knowingly, willfully and unlawfully entered the site after ignoring warnings that the site may contain copyrighted content.

32. By reason of the aforementioned conduct, the Defendant violated 47 U.S.C. §553, thereby giving rise to a private right of action.

33. As a result of the Defendant's violation of 47 U.S.C. §553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to $10,000.00, plus the recovery of full costs,

interest and reasonable attorney's fees, in the discretion of this Court.

### COUNT III

34. Plaintiff hereby incorporates paragraphs "1" through "15," "17" through "26" and "28" through "33" inclusive, as though fully set forth herein.

35. Plaintiff is the owner of the Copyright of the complete UFC 162 broadcast, held on July 6, 2013. The Copyrighted Broadcast includes all undercard matches and the entire UFC 162 broadcast, which is subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

36. Upon information and belief, with full knowledge that the Copyrighted Broadcast was not to be downloaded by persons unauthorized to do so, the Defendant, without paying Plaintiff or any other authorized online platform a fee, knowingly, willfully and unlawfully accessed and downloaded the Copyrighted Broadcast at the time of its transmission.

37. Plaintiff is informed and believes that the foregoing acts of infringement have been done knowingly and willfully and that the Defendant was aware that authorized access to the Copyrighted Broadcast required paying Plaintiff a fee for the ability to view the pay-per-view Broadcast. Upon information and belief, the Defendant purposefully disregarded paying Plaintiff the proper fee to access the pay-per-view Copyrighted Broadcast through the proper and authorized online platforms by accessing the stream and downloading the content therein for no cost at all, in disregard and with indifference to the rights of the Plaintiff.

38. As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c) for

Defendant's infringement of the Copyrighted Broadcast. Plaintiff is further entitled to its attorney's fees and costs, in the discretion of this Court, pursuant to 17 U.S.C. §505.

39. The conduct of the Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Further harm and injury to Plaintiff is imminent, and the Plaintiff is without an adequate remedy at law with respect to such harm and injury. Unless Defendant's acts are enjoined, it is highly likely that the Defendant will continue to unlawfully access, receive and/or download Plaintiff's Copyrighted Broadcast.

40. By reason of the aforementioned conduct, the Defendant knowingly, willfully and unlawfully violated 17 U.S.C. §501.

41. As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, under 17 U.S.C. §501(c)(1) and (c)(2) of up to $150,000.00.

42. Plaintiff is further entitled to its attorney fees and costs, in the discretion of this Court, pursuant to 17 U.S.C. §505.

WHEREFORE, the Plaintiff requests that judgment be entered in its favor and against the aforementioned Defendant granting to Plaintiff the following:

(a) Declare that Defendant knowingly, willfully and unlawfully accessed, received and downloaded the Copyrighted Broadcast in violation of the Federal Communications Act and the U.S. Copyright Act.

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $10,000.00 for Defendant's willful and

unlawful violation of 47 U.S.C. §605 (a); or

(c) On the second cause of action, statutory penalties in an amount in the discretion of this Court, of up to the maximum amount of $10,000.00 for Defendant's willful and unlawful violation of 47 U.S.C. §553;

(d) Attorney's fees, interest, costs of suit, in the discretion of this Court, pursuant to 47 U.S.C. §605(e)(3)(B)(iii) or 47 U.S.C. §553(c)(2)(C); and

(e) On the third cause of action, statutory penalties in an amount in the discretion of this Court, of up to the maximum amount of $150,000.00 for Defendant's willful and unlawful violation of 17 U.S.C. §501(d)(1) and (d)(2); and

(f) Attorney's fees, interest, costs of suit as to Defendant pursuant to 17 U. S. C. § 505, together with such other and further relief as this Court may deem just and proper.

Dated: September 6, 2013
Ellenville, New York

ZUFFA, LLC

By: _____
JULIE COHEN LONSTEIN, ESQ. (JL8521)
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
80 North Main Street: P.O. Box 351
Ellenville, NY  12428
Telephone:  (845) 647-8500
Facsimile:  (845) 647-6277
Email: Legal@signallaw.com
*Our File No. ZO13-162-0117*